**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Deandre BISHOP, Defendant– Appellant.**

No. 08–1950.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 6, 2009.

Decided Aug. 17, 2009.

---

3. State prosecutors ultimately decided not to     prosecute Mr. Kitson for the alleged

David Reinhard, Attorney, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

William R. Jones, Attorney, Jones Law Firm, Madison, WI, for Defendant–Appellant.

Before MICHAEL S. KANNE, Circuit Judge, DIANE P. WOOD, Circuit Judge, DIANE S. SYKES, Circuit Judge.

### ORDER

This appeal is one of several recent cases challenging a district court's classification of a prior offense as a crime of violence under U.S.S.G. § 4B1.2. Deandre Bishop pleaded guilty to possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court found that Bishop was a career offender under U.S.S.G. § 4B1.1 because Bishop had two prior felony convictions for a crime of violence. The court accordingly sentenced Bishop to 188 months imprisonment. One of the two crimes that predicated the enhancement was a conviction under Wisconsin law for second-degree reckless endangerment. See Wis. Stat. § 941.30(2). Bishop argues that, under *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and *United States v. Smith*, 544 F.3d 781, 786 (7th Cir.2008), a crime requiring a mental state of recklessness is not a "crime of violence" under § 4B1.1.

Bishop is correct. As we recently held in *United States v. Woods*, 576 F.3d 400 (7th Cir.2009), the mental state of recklessness does not satisfy the standards established by the Supreme Court in *Begay*. Second-degree reckless endangerment, in violation of Wis. Stat. § 941.30(2), is there-fore not a crime of violence for the specific purpose of the career-offender enhancement, and the district court therefore erred by sentencing Bishop under § 4B1.1. See *United States v. High*, 576 F.3d 429 (7th Cir.2009) (holding that a felony conviction for violating Wis. Stat. § 941.30(2) is not a "violent felony" as that term is used in the Armed Career Criminal Act).

In light of these recent decisions, Bishop's other arguments—that his sentence is substantively unreasonable and that the district court mistakenly believed that the state would make his state sentence concurrent to the federal sentence—are moot.

We therefore VACATE the sentence and REMAND for further proceedings in light of *Begay*.